```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        JACKSONVILLE DIVISION
```

BOBBY DEWAYNE POWERS,

                  Plaintiff,

v.                                  Case No. 3:15-cv-595-J-34PDB

JULIE JONES,

                  Defendant.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

     Plaintiff Bobby Dewayne Powers, an inmate of the Florida penal system, initiated this action on May 12, 2015, by filing a pro se Civil Rights Complaint (Doc. 1) under 42 U.S.C. § 1983. In the Complaint, Powers names Julie Jones, the Secretary of the Florida Department of Corrections, as the only Defendant. He asserts that his rights under the Eighth Amendment have been violated because mentally ill inmates are confined with inmates who are not mentally ill. He also complains that his assigned institution is "so distant" from family and friends that it is "difficult or impossible" for them to visit him. As relief, he requests compensatory damages.

The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(I)-(iii). Additionally, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(I) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d at 1349.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. <u>Bingham v. Thomas</u>, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); <u>Richardson v. Johnson</u>, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, the Eleventh Circuit "'requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." <u>Rodriguez v. Sec'y, Dep't of Corr.</u>, 508 F.3d 611, 625 (11th Cir. 2007) (quoting <u>Zatler v. Wainwright</u>, 802 F.2d 397, 401 (11th Cir. 1986)). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See <u>L.S.T., Inc., v. Crow</u>, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); <u>Fullman v. Graddick</u>, 739 F.2d 553, 556-57 (11th Cir. 1984). In the absence of a federal constitutional deprivation or violation of a federal right, Plaintiff cannot sustain a cause of action against the Defendant under 42 U.S.C. § 1983.

As to Powers' supervisory claim against Defendant Julie Jones, the United States Court of Appeals for the Eleventh Circuit has stated:

> "Supervisory officials are not liable under section 1983 on the basis of respondeat superior or vicarious liability." <u>Belcher v. City of Foley, Ala.</u>, 30 F.3d 1390, 1396 (11th Cir. 1994) (internal quotation marks and citation omitted). "The standard by which a

3

>   supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." <u>Gonzalez</u>, 325 F.3d at 1234 (internal quotation marks and citation omitted).[1]  "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." <u>Brown v. Crawford</u>, 906 F.2d 667, 671 (11th Cir. 1990).
>
>   "The necessary causal connection can be established 'when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so.'" <u>Cottone</u>, 326 F.3d at 1360 (citation omitted).[2] "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." <u>Brown</u>, 906 F.2d at 671. A plaintiff can also establish the necessary causal connection by showing "facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so," <u>Gonzalez</u>, 325 F.3d at 1235, or that a supervisor's "custom or policy . . . resulted in deliberate indifference to constitutional rights," <u>Rivas v. Freeman</u>, 940 F.2d 1491, 1495 (11th Cir. 1991).

<u>Danley v. Allen</u>, 540 F.3d 1298, 1314 (11th Cir. 2008). Further, the Eleventh Circuit stated:

>   In a § 1983 suit, liability must be based on something more than respondeat superior.

---

[1] <u>Gonzalez v. Reno</u>, 325 F.3d 1228 (11th Cir. 2003).

[2] <u>Cottone v. Jenne</u>, 326 F.3d 1352 (11th Cir. 2003).

4

>       Brown,[3] 906 F.2d at 671. Supervisory
>       liability can be found when the supervisor
>       personally participates in the alleged
>       constitutional violation, or when there is a
>       causal connection between the supervisory
>       actions and the alleged deprivation. Id. A
>       causal connection can be established through a
>       showing of a widespread history of the
>       violation. Id. at 672.

Reid v. Sec'y, Fla. Dep't of Corr., 486 F. App'x 848, 852 (11th Cir. 2012); Charriez v. Sec'y, Fla. Dep't of Corr., 596 F. App'x 890, 895 (11th Cir. 2015) (per curiam). Thus, any supervisory claim against Defendant Jones fails because Plaintiff has failed to allege any facts suggesting that Jones personally participated in any violations of Powers' federal statutory or constitutional rights.

To the extent that Powers asserts that the Defendant violated his Eighth Amendment right to be free from cruel and unusual punishment by housing him at a "psych camp," the Eleventh Circuit has explained the requirements for an Eighth Amendment violation.

>       While the Constitution does not require
>       comfortable prisons, the Eighth Amendment's
>       proscription of cruel and unusual punishments
>       does mandate that prison officials "must
>       provide humane conditions of confinement"
>       ensuring inmates receive adequate food,
>       shelter, clothing, and medical care. Farmer v.
>       Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970,
>       1977, 128 L.Ed.2d 811 (1994). Nevertheless,
>       the Eighth Amendment does not authorize
>       judicial reconsideration of every governmental
>       action affecting a prisoner's well-being, and
>       only the unnecessary and wanton infliction of

---

[3] Brown v. Crawford, 906 F.2d 667 (11th Cir. 1990).

> pain constitutes cruel and unusual punishment. <u>Hudson v. McMillian</u>, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992).
>
> Eighth Amendment challenges to conditions of confinement are subject to a two-part analysis. <u>Chandler v. Crosby</u>, 379 F.3d 1278, 1289 (11th Cir. 2004). First is the "objective component," requiring a prisoner to prove the condition they [sic] complain of is "sufficiently serious" to violate the Eighth Amendment, meaning that, at the very least, it presents an unreasonable risk of serious damage to his or her future health or safety. <u>Id</u>. The risk must be "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." <u>Helling v. McKinney</u>, 509 U.S. 25, 33, 113 S.Ct. 2475, 2481, 125 L.Ed.2d 22 (1993). Second, the "subjective component" of the analysis requires the prisoner to show that the defendant prison officials acted with a culpable state of mind, judged under a "deliberate indifference" standard. <u>Chandler</u>, 379 F.3d at 1289. To prove deliberate indifference, a prisoner must show that the defendants had subjective knowledge of a risk of serious harm, and disregarded that risk through conduct constituting more than gross negligence. <u>Goodman v. Kimbrough</u>, 718 F.3d 1325, 1332 (11th Cir. 2013).

<u>Redding v. Georgia</u>, 557 F. App'x 840, 843-44 (11th Cir. 2014) (per curiam); <u>Thomas v. Bryant</u>, 614 F.3d 1288, 1306-07 (11th Cir. 2010).

In the instant action, Powers has not alleged sufficient facts to satisfy the objective prong of the Eighth Amendment standard. He does not allege that his housing assignment results in any deprivation, let alone an extreme deprivation. See <u>Chandler v. Crosby</u>, 379 F.3d 1278, 1298 (11th Cir. 2004) (highlighting that "extreme deprivations" are required to establish an Eighth

6

Amendment conditions of confinement claim) (internal quotation marks omitted). In the absence of any extreme deprivation, no federal constitutional right is infringed by simply housing mentally healthy inmates with mentally ill inmates. See <u>Ochoa v. Ammons</u>, No. 1:08-cv-00120-WLSRLH, 2009 WL 891900, at *4 (M.D. Ga. Mar. 30, 2009) (dismissing the plaintiff's claim that his institution had "no proper policy or enforcement to separate" the mentally healthy inmates from the mentally ill inmates, where the plaintiff did "not allege that he personally suffered any injury as a result of this failure to separate"); <u>Nolley v. Cnty. of Erie</u>, 776 F.Supp. 715, 739-40 (W.D.N.Y. 1991) (finding that segregation of an inmate with human immuno-deficiency virus in a ward housing suicidal and psychologically unstable inmates did not violate the Eighth Amendment, as the overall conditions in the ward, while severe, were not sufficiently traumatic). Here, Powers fails to assert that he personally suffered any injury as a result of the Department's decision to house him at a "psych camp." See <u>Hernandez v. Fla. Dep't of Corr.</u>, 281 F. App'x 862, 866 (11th Cir. 2008) (stating plaintiff "did not allege a deprivation that posed an unreasonable risk of serious damage to his health").

Powers also complains that the institution is located too far from family and friends, and therefore they are unable to visit him. His assertion regarding visitation is due to be dismissed.

> The Supreme Court has held that an inmate does not have a liberty interest in or right

>     to "unfettered visitation" and thus denial of
>     visitation is not protected by the Due Process
>     Clause. See Kentucky Dep't of Corr. v.
>     Thompson, 490 U.S. 454, 460-61, 109 S.Ct.
>     1904, 1908-09, 104 L.Ed.2d 506 (1989)
>     (concluding that "[t]he denial of prison
>     access to a particular visitor . . . is not
>     independently protected by the Due Process
>     Clause"); see also Caraballo-Sandoval v.
>     Honsted, 35 F.3d 521, 525 (11th Cir. 1994)
>     (holding that "inmates do not have an absolute
>     right to visitation, such privileges being
>     subject to the prison authorities' discretion
>     provided that the visitation policies meet
>     legitimate penological objectives").

Charriez, 596 F. App'x at 893-94. Moreover, "an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State[.]" Olim v. Wakinekona, 461 U.S. 238, 245 (1983) (footnote omitted); see also Barfield v. Brierton, 883 F.2d 923, 936 (11th Cir. 1989) (citing Meachum v. Fano, 427 U.S. 215 (1976)) (stating "inmates usually possess no constitutional right to be housed at one prison over another").

In light of the foregoing, this case will be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B), without prejudice to Powers' right to refile his claims against the proper defendants and with sufficient factual allegations to support a claim under 42 U.S.C. § 1983, if he elects to do so.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby **DISMISSED** without prejudice to Plaintiff's right to refile his claims against the proper

defendants and with sufficient factual allegations to support a claim under 42 U.S.C. § 1983, if he elects to do so.

    2.   The Clerk shall send a civil rights complaint form and an Affidavit of Indigency to Plaintiff. If he elects to refile his claims, he may complete and submit the proper forms. Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to refile his claims. In initiating such a case, Plaintiff should either file a fully completed Affidavit of Indigency (if he desires to proceed as a pauper) or pay the $400.00 filing fee (if he does not desire to proceed as a pauper).

    3.   The Clerk of Court shall enter judgment dismissing this case without prejudice, terminating any pending motions, and closing the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of May, 2015.

MARCIA MORALES HOWARD
United States District Judge

sc 5/18
c:
Bobby Dewayne Powers